IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

EMPIRE FINANCIAL SERVICES, INC.,   *
                                   *
        Plaintiff,                 *
                                   *
v.                                 *        CIVIL ACTION NUMBER
                                   *
KENNETH L. TODD, III,              *
MICHAEL D. BROCK,                  *        1:08-CV-226-WHA
JAMES R. PAXTON,                   *
DANIEL A. BAILEY,                  *
C. WAYNE ROBERTS,                  *
TIMOTHY L. EAKES,                  *
GARY L. ANDERSON and               *
KEITH A. LAFERRIERE,               *
                                   *
        Defendants/Counter Plaintiffs/Third *
        Party Plaintiffs,          *
                                   *
v.                                 *
                                   *
JOHN MOORE, BRUCE SNEAD, THE       *
PROFILE GROUP, INC. and STONEVIEW  *
SUMMIT DEVELOPMENT, INC.,          *
                                   *
        Third Party Defendants.    *

## THIRD PARTY COMPLAINT

**COME NOW** Kenneth L. Todd, III, Michael D. Brock, James R. Paxton, Daniel

A. Bailey, C. Wayne Roberts, Timothy L. Eakes, Gary L. Anderson and Keith A.

LaFerriere, Third Party Plaintiffs (collectively the "Defendants") who file this, their

Third Party Complaint pursuant to Rule 14 of the Federal Rules of Civil Procedure as

follows:

    1.    Plaintiff, Empire Financial Services, Inc., a Georgia corporation

("Empire"), has filed suit against Kenneth L. Todd, III, Michael D. Brock, James R.

Paxton, Daniel A. Bailey, C. Wayne Roberts, Timothy L. Eakes, Gary L. Anderson and Keith A. LaFerriere, Defendants/Third-Party Plaintiffs (collectively, the "Defendants"), for enforcement of certain personal guarantees made by Defendants. A copy of said Complaint is attached hereto as Exhibit "A".

## The Parties

2.     Defendants/Third-Party Plaintiffs Brock, Paxton, Bailey and Anderson are individual residents of the State of Alabama.

3.     Defendant/Third-Party Plaintiffs Todd, Roberts and Eakes are individual residents of the State of Florida.

4.     Defendant/Third-Party Plaintiffs LaFerriere is an individual resident of the State of Missouri.

5.   Third Party Defendant John Moore is an individual resident of the State of Georgia.

6.   Third Party Defendant Bruce Snead is an individual resident of the State of Georgia.

7.   Third Party Defendant The Profile Group, Inc. is a Georgia corporation. The Profile Group may be served through its registered agent, Bruce W. Snead, at 3450 Acworth-Due West Rd., Suite 100, Kennesaw, Georgia 30144.

8.   Third Party Defendant Stoneview Summit Development, Inc. is a Georgia corporation. Stoneview Summit Development, Inc. may be served through its registered agent, Bruce W. Snead, at 3450 Acworth-Due West Rd., Suite 100, Kennesaw, Georgia 30144.

9.   Moore, Snead, The Profile Group and Stoneview Summit Development, Inc. may be referred to collectively as the "Third-Party Defendants".

**Jurisdiction**

10.   Jurisdiction in this case is based upon diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. Section 1332.

11.   The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

12.   The Third-Party Defendants are subject to the jurisdiction of this Court because said Third-Party Defendants transacted business in this judicial district and conduct, administer and manage their business in this judicial district.

13.   Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(a)(2) because a substantial part of the events giving rise to the claims stated herein occurred in this judicial district.

**The Facts**

14.   In late 2004, the Defendants were approached by John Moore ("Moore") and Bruce Snead ("Snead") regarding a potential real estate venture located adjacent to Lake Martin in Tallapoosa County, Alabama (the "Project").

15.   Moore and Snead proposed that the Defendants form an Alabama limited liability company to participate in the Project along with Moore and Snead's development company, The Profile Group, Inc. ("The Profile Group").  Accordingly, Defendants and others formed Lake Martin Partners, LLC, an Alabama limited liability company (the "Company") on December 7, 2004.

16.     On December 29, 2004, Moore, Snead and The Profile Group formed Stoneview Summit Development, Inc., a Georgia corporation ("Stoneview") to represent Moore, Snead and The Profile Group's interest in the Project.

17.     On January 25, 2005, Stoneview and the Company entered into a Development Agreement pursuant to which the Company would purchase certain real property from The Profile Group for $6,000,000.00 for the Project.  The Development Agreement further required Stoneview to manage and construct the Project.  In exchange for its interest in the Project, the Company was required to provide funds, via loans, for the construction of the Project.  The Development Agreement further provided that the Company would receive fifty percent (50%) of the profits from the Project and that Stoneview would receive fifty percent (50%) of the profits from the Project.

18.     As an exhibit to the Development Agreement, Stoneview presented a "Pro-Forma" to the Defendants and the Company which indicated the total cost of construction for the Project to be $15,990,000.  The Company and Stoneview later entered into a Construction Contract on June 22, 2005 which indicated that the total contract sum would be $16,190,000.

19.     In order to obtain funding and loans for the Project pursuant to the Development Agreement, Moore, Snead, The Profile Group and Stoneview advised the Defendants and the Company that they had a previous relationship with Empire, which was in the business of making loans for real estate developments such as the Project, and that Empire was a good and reputable lender.  Moore, Snead, The Profile Group and Stoneview further advised the Defendants and the Company that they had contacted

Empire and made arrangements for Empire to make loans to the Company to fund the Project.

20.    On September 26, 2005, the Company entered into a Construction Loan Agreement and Note in the amount of $22,000,000 with Empire.  Pursuant to the terms of the Construction Loan Agreement and Note, Empire would make available to the Company up to $22,000,000 to acquire the real property from The Profile Group and to construct the condominiums.  Additionally, the Defendants were further required, as a condition of the loan, to execute personal guarantees in favor of Empire to secure the payment and performance of the Company under the Note.

21.    On that same day, the Company purchased the real property from The Profile Group for approximately $6,000,000.  The Company used $1,200,000 in capital invested by its members and approximately $4,800,000 in loan proceeds from Empire to purchase the real property from The Profile Group.

22.    Moore, Snead, The Profile Group, Stoneview, Empire and the representatives of the banks participating in the financing arranged by Empire each represented to the Defendants and the Company that they did not have to worry about the Project because Moore, Snead, The Profile Group, Stoneview and Empire would handle all aspects of the Project in a satisfactory and commercially reasonable manner in order to protect the interests of the Company and the Defendants.

23.    After advancing the funds for the initial purchase of the real property, Empire undertook to perform virtually all of the obligations the Company had agreed to perform pursuant to the terms of the Construction Loan Agreement, including, but not limited to:

(a)    hiring an engineering firm to inspect and certify the percentage completion of the Project from time to time;

(b)    receiving and reviewing each draw request from Moore, Snead, The Profile Group and Stoneview;

(c)    receiving and reviewing all invoices submitted with each draw request;

(d)    receiving and reviewing the inspection reports from the engineering firm it had hired to inspect the Project;

(e)    determining and approving the amount of construction loan funds to disburse and pay to Moore, Snead, The Profile Group and Stoneview pursuant to each draw request;

(f)    advancing funds in response to each draw request;

(g)    sending its own representatives to the Project to inspect the progress of the work;

(h)    coordinating the construction of the work with Moore, Snead, The Profile Group and Stoneview;

(i)    allowing Moore, Snead, The Profile Group and Stoneview to obtain all construction permits;

(j)    allowing Moore, Snead, The Profile Group and Stoneview, in their sole discretion, to determine if construction of the work conformed with the Project's plans and specifications; and

(k)     allowing Moore, Snead, The Profile Group and Stoneview to obtain comprehensive general liability insurance and builders risk insurance on the Project.

24.     Moore, Snead, The Profile Group and Stoneview negligently and recklessly performed all of their contractual duties, as well as all of the duties which they undertook and assumed, in regards to the Project and failed to manage the Project correctly. This mismanagement resulted in:

(a)     non-payment of contractors, subcontractors and material suppliers, further resulting in the filing of numerous claims of lien against the Project by contractors, subcontractors and material suppliers;

(b)     the use of substandard and non-conforming materials in the construction of the Project;

(c)     the construction of the Project in a manner which failed to adhere to the plans and specifications prepared by the engineering firm which designed the Project;

(d)     substantial delays in the completion of the Project;

(e)     the inability to complete the Project for the original contract price of $16,190,000.00;

(f)     the misappropriation of pre-sale deposits by condominium purchasers by Moore, Snead, The Profile Group and Stoneview; and,

(g)     the misappropriation of loan funds disbursed by Empire to Moore, Snead, The Profile Group and Stoneview.

25.    Further, Moore, Snead, The Profile Group and Stoneview concealed these problems from the Company and the Defendants.

26.    Ultimately, Moore, Snead, The Profile Group and Stoneview's negligence and gross mismanagement of the Project directly and proximately caused Empire to declare the Company in default on the Note, to force and coerce the Company into filing for bankruptcy protection as a means of "working out" the problems on the Project, and further directly and proximately caused Empire to file the present lawsuit against the Defendants seeking to enforce Defendants' guarantees.

**WHEREFORE**, Third Party Plaintiffs request judgment against Third Party Defendants as follows:

(i)    That in the event Plaintiff recovers damages or any other sums as set forth in Plaintiff's Complaint from Defendants, that Third-Party Defendants indemnify Defendants from liability for any and all such damages and sums of money that may be adjudged against Defendants in favor of Plaintiff;

(ii)    For all costs and expenses incurred by Defendants in defending against Plaintiff's claims;

(iii)    Trial by jury on all issues; and,

(iv)    For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 19th day of May, 2008.

*/s/ Dow T. Huskey*
Dow T. Huskey        (HUS002)
Attorney for Defendants/Counter
Plaintiffs/Third Party Plaintiffs,
P. O. Drawer 550
Dothan, Alabama  36302
T:  334-794-3366

### CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the above and foregoing upon Robert P. Reynolds, Reynolds, Reynolds & Duncan, LLC and Rachel L. Webber, Esq., Reynolds, Reynolds & Duncan, LLC, via electronic filing this 19th day of May, 2008.

*Dow T. Huskey*
Dow T. Huskey



# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

EMPIRE FINANCIAL SERVICES, INC.,    §
                                     §
                     PLAINTIFF,      §        CIVIL ACTION NO:
                                     §
                                     §        1:08 cv 226
                                     §
VS.                                  §
KENNETH L. TODD, III,                §
MICHAEL D. BROCK,                    §
JAMES R. PAXTON,,                    §
DANIEL A. BAILEY,                    §
C. WAYNE ROBERTS,                    §
TIMOTHY L. EAKES,                    §
GARY L. ANDERSON and                 §
KEITH A. LAFERRIERE,                 §
                                     §
                     DEFENDANTS.     §

## COMPLAINT

## JURISDICTION

1.    Jurisdiction in this case is based upon diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. Section 1332.

2.    Plaintiff, Empire Financial Services, Inc., is a Georgia corporation.

3.    Defendants Kenneth L. Todd, III, Michael D. Brock, James R. Paxton, Daniel A. Bailey, C. Wayne Roberts, Timothy L. Eakes and Gary L. Anderson are citizens of the State of Alabama. Defendant Keith A. LaFerriere is a citizen of the State of Missouri.

4.    The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

---

## NOTICE TO EACH DEFENDANT OF RIGHT TO SECURE WAIVER OF ATTORNEYS' FEES PURSUANT TO GEORGIA STATUTE 13-1-11

A)    Plaintiff Empire Financial Services, Inc. has brought suit in the United States District Court for the Middle District of Alabama in order to enforce Defendants' guaranty agreements with Plaintiff.

B)    This notice to each Defendant is provided pursuant to O.C.G.A. Section 13-1-11.

C)    Defendants' guaranty agreements with Plaintiff provide for payment of reasonable attorneys' fees incurred by Plaintiff in endeavoring to collect the indebtedness subject to such guaranties, which attorneys' fees pursuant to O.C.G.A. Section 13-1-11 shall be up to but not in excess of 15% of the first $500.00 of principal and interest owing on the promissory note and 10% of the principal and interest owing on the promissory note in excess of $500.00.

D)    As provided herein, the principal balance due and owing Plaintiff is the amount of $18,693,468.21 as of March 26, 2008 with subsequent interest accruing thereon at 8.5% per annum.

E)    You are hereby notified that Plaintiff does demand payment of attorney's fees under your obligation under your guaranty agreement with Plaintiff.

2

F)   If you pay the above-stated principal amount of $18,693,468.21 and subsequent interest thereon at 8.5% per annum in full to Plaintiff's counsel, Robert P. Reynolds, with the law firm of Reynolds, Reynolds & Duncan, LLC, 2115 11th Street, P.O. Box 2863, Tuscaloosa, Alabama 35403 so that it is received by said Plaintiff's counsel in good funds before the expiration of ten (10) days from the date you receive this notice, then your obligation to pay said attorney's fees is void.

G)   If you do not pay said principal and interest within said ten (10) day period, then your obligation to pay attorney's fees shall be enforced.

---

## COUNT ONE

5.    On or about September 26, 2005, Lake Martin Partners, L.L.C., hereinafter "Lake Martin", executed and delivered to Plaintiff a promissory note in the principal amount of $22,000,000.00, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "1", whereby Lake Martin promised to repay said note pursuant to the terms thereof and whereby each of the Defendants guaranteed payment and performance and waived the right to require the holder of the note to proceed first against Lake Martin.

6.    Lake Martin defaulted under the terms of said promissory note, and on October 19, 2007 filed a Chapter 11 bankruptcy petition in the United States

3

Bankruptcy Court for the Middle District of Alabama, Case No. 07-11470, as evidenced by the Bankruptcy Notice, a true and correct copy of which is attached hereto as Exhibit "2".

7.    Plaintiff alleges that the terms of said promissory note further provided that in the case of default under the terms thereof the entire indebtedness would then become due and payable.

8.    Lake Martin (exclusive of other obligation(s) due Plaintiff by Lake Martin authorized by order(s) of the Bankruptcy Court) owes Plaintiff $17,983,853.50 as of the 19th day of October, 2007 plus interest thereon, late charges and attorney fees as reflected in the Proof of Claim One of One of Plaintiff filed in the in the United States Bankruptcy Court for the Middle District of Alabama, a true and correct copy of which is attached hereto as Exhibit "3".

9.    On November 21, 2007, the United States Bankruptcy Court for the Middle District of Alabama entered a Final Order Approving Post-Petition Financing Between Lake Martin and the Plaintiff. A true and correct copy of said Order is attached hereto as Exhibit "4". Said Order provides, among other things, that Lake Martin is authorized to obtain debtor-in-possession financing, hereinafter "DIP Loan", from Plaintiff and "to utilize the proceeds of the same (1) to obtain completion of "Building 5" and other buildings located in the Project, (2) to obtain

completion of any Project common areas necessary to obtain applicable certificates of occupancy (3) to pay such other costs and expenses necessary, in the reasonable opinion of Plaintiff and the Debtor [Lake Martin], for the security, care and preservation of the Project, (4) to pay interest on the Financing and the origination fee on the amount above of the Interim Financing as funds are advanced, and (5) to pay such other reasonable costs and expenses of Empire Financial [Plaintiff] related to the Financing as are payable under the Term Sheet with the exception of attorney fees and expenses which shall be paid in the same percentages set forth in the existing order for payment of professionals entered in this case and subject to final application and approval by the Court." "Proceeds from the sale of completed units received by Empire Financial [Plaintiff] shall first be applied to the loan advances extended for the completion of Building 5."

10.    Due to the failure of Lake Martin to remit monthly interest payments to Plaintiff as the same has become due, Plaintiff is entitled to a late charge equal to 5% of each monthly payment not received by Plaintiff by the 15th day following the month when due. Due to the failure of Lake Martin to timely remit such payments late charges have accrued  in the total amount of $39,960.00 from October 19, 2007 through February 2008.

11.    As an inducement to Plaintiff to extend credit to Lake Martin, Defendant Kenneth L. Todd, III executed and delivered to Plaintiff an unconditional guaranty

of payment and performance due Plaintiff by Lake Martin, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "5".

12.    On  October 4, 2007,  Defendant  Kenneth  L. Todd,  III revoked his guaranty as to any future advance  or obligation as evidenced by the letter from his attorney Dow T. Huskey to Plaintiff dated October 4, 2007, a true and correct copy of which is attached hereto as Exhibit "6".  Accordingly,  said  Defendant Kenneth L. Todd, III is  not  liable for sums due Plaintiff  under the DIP Loan;  however, said  revocation  does not  affect Defendant  Kenneth L. Todd, III's obligation to  pay the outstanding principal amount of the said September 26, 2005 promissory note,  late  charges, interest and attorney fees accruing thereon.

13.    Defendant  Kenneth L. Todd, III  has defaulted under the terms of said guaranty by failing to pay all sums due Plaintiff by Lake Martin with respect to the said September 26, 2005  promissory  note, late charges, interest and attorney fees accruing thereon.

**WHEREFORE,** Plaintiff  demands judgment against Defendant Kenneth L. Todd, III for the principal sum of $18,653,508.21, an attorney's fee in the amount of $25,000.00,  such  additional  attorney's  fees  as may be awarded by the Court, accrued  late  charges  in the amount of $39,960.00 subsequent interest at 8.5% per annum and costs.

## COUNT TWO

14.    Plaintiff realleges all material allegations contained in Count One of its Complaint.

15.    As an inducement to Plaintiff to extend credit to Lake Martin, Defendant Michael D. Brock executed and delivered to Plaintiff an unconditional guaranty of payment and performance due Plaintiff by Lake Martin, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "7".

16.    On October 4, 2007, Defendant Michael D. Brock revoked his guaranty as to any future advance or obligation as evidenced by the letter from his attorney Dow T. Huskey to Plaintiff dated October 4, 2007, a true and correct copy of which is attached hereto as Exhibit "6". Accordingly, said Defendant Michael D. Brock is not liable for sums due Plaintiff under the DIP Loan; however, said revocation does not affect Defendant Michael D. Brock's obligation to pay the outstanding principal amount of the said September 26, 2005 promissory note, late charges, interest and attorney fees accruing thereon.

17.    Defendant Michael D. Brock has defaulted under the terms of said guaranty by failing to pay all sums due Plaintiff by Lake Martin with respect to the said September 26, 2005 promissory note, late charges, interest and attorney fees accruing thereon.

**WHEREFORE,** Plaintiff demands judgment against Defendant Michael D. Brock for the principal sum of $18,653,508.21, an attorney's fee in the amount of $25,000.00, such additional attorney's fees as may be awarded by the Court, accrued late charges in the amount of $39,960.00 subsequent interest at 8.5% per annum and costs.

## COUNT THREE

18.    Plaintiff realleges all material allegations contained in Count One of its Complaint.

19.    As an inducement to Plaintiff to extend credit to Lake Martin, Defendant James R. Paxton executed and delivered to Plaintiff an unconditional guaranty of payment and performance due Plaintiff by Lake Martin, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "8".

20.    On October 4, 2007, Defendant James R. Paxton revoked his guaranty as to any future advance or obligation as evidenced by the letter from his attorney Dow T. Huskey to Plaintiff dated October 4, 2007, a true and correct copy of which is attached hereto as Exhibit "6". Accordingly, said Defendant James R. Paxton is not liable for sums due Plaintiff under the DIP Loan; however, said revocation does not affect Defendant James R. Paxton's obligation

8

to pay the outstanding principal amount of the said September 26, 2005 promissory note, late charges, interest and attorney fees accruing thereon.

21.    Defendant James R. Paxton has defaulted under the terms of said guaranty by failing to pay all sums due Plaintiff by Lake Martin with respect to the said September 26, 2005 promissory note, late charges, interest and attorney fees accruing thereon.

**WHEREFORE,** Plaintiff demands judgment against Defendant James R. Paxton for the principal sum of $18,653,508.21, an attorney's fee in the amount of $25,000.00, such additional attorney's fees as may be awarded by the Court, accrued late charges in the amount of $39,960.00 subsequent interest at 8.5% per annum and costs.

## COUNT FOUR

22.    Plaintiff realleges all material allegations contained in Count One of its Complaint.

23.    As an inducement to Plaintiff to extend credit to Lake Martin, Defendant Daniel A. Bailey executed and delivered to Plaintiff an unconditional guaranty of payment and performance due Plaintiff by Lake Martin, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "9".

24.    On   October  4,  2007,   Defendant   Daniel  A.  Bailey   revoked his

guaranty as to any future advance  or obligation as evidenced by the letter from his

attorney Dow  T.  Huskey  to  Plaintiff  dated October 4, 2007, a true and correct copy

of which is attached hereto as Exhibit "6".  Accordingly,  said  Defendant Daniel A.

Bailey  is   not   liable   for   sums  due  Plaintiff  under the DIP Loan;  however,

said revocation does not affect Defendant  Daniel  A. Bailey's obligation to  pay the

outstanding principal amount of  the said  September  26,   2005  promissory  note,

late  charges, interest and attorney fees accruing thereon.

25.    Defendant   Daniel  A.  Bailey   has defaulted under the terms of said

guaranty by failing to pay all sums due Plaintiff by Lake Martin with respect to the

said September 26, 2005  promissory   note, late charges, interest and attorney fees

accruing thereon.

**WHEREFORE,** Plaintiff  demands  judgment against Defendant Daniel A.

Bailey   for the principal sum of $18,653,508.21, an attorney's fee in the amount of

$25,000.00,   such   additional   attorney's   fees  as may be awarded by the Court,

accrued  late  charges  in the amount of $39,960.00 subsequent interest at 8.5% per

annum and costs.

## COUNT FIVE

26.    Plaintiff realleges all material allegations contained in Count One of its

Complaint.

27.     As an inducement to Plaintiff to extend credit to Lake Martin, Defendant C. Wayne Roberts executed and delivered to Plaintiff an unconditional guaranty of payment and performance due Plaintiff by Lake Martin, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "10".

28.     On   October 4, 2007,   Defendant C. Wayne Roberts revoked his guaranty as to any future advance  or obligation as evidenced by the letter from his attorney Dow T. Huskey to Plaintiff dated October 4, 2007, a true and correct copy of which is attached hereto as Exhibit "6".   Accordingly, said Defendant C. Wayne Roberts is   not   liable for sums due Plaintiff  under the DIP Loan;  however, said   revocation does not affect Defendant   C. Wayne Roberts' obligation to pay the outstanding principal amount of the said September 26,   2005 promissory note, late charges, interest and attorney fees accruing thereon.

29.     Defendant  C. Wayne Roberts  has defaulted under the terms of said guaranty by failing to pay all sums due Plaintiff by Lake Martin with respect to the said September 26, 2005  promissory  note, late charges, interest and attorney fees accruing thereon.

**WHEREFORE,** Plaintiff  demands judgment against Defendant C. Wayne Roberts for the principal sum of $18,653,508.21, an attorney's fee in the amount of $25,000.00,   such   additional   attorney's   fees   as may be awarded by the Court,

accrued late charges in the amount of $39,960.00 subsequent interest at 8.5% per annum and costs.

## COUNT SIX

30.    Plaintiff realleges all material allegations contained in Count One of its Complaint.

31.    As an inducement to Plaintiff to extend credit to Lake Martin, Defendant Timothy L. Eakes executed and delivered to Plaintiff an unconditional guaranty of payment and performance due Plaintiff by Lake Martin, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "10".

32.    On October 4, 2007, Defendant Timothy L. Eakes revoked his guaranty as to any future advance or obligation as evidenced by the letter from his attorney Dow T. Huskey to Plaintiff dated October 4, 2007, a true and correct copy of which is attached hereto as Exhibit "6". Accordingly, said Defendant Timothy L. Eakes is not liable for sums due Plaintiff under the DIP Loan; however, said revocation does not affect Defendant Timothy L. Eakes' obligation to pay the outstanding principal amount of the said September 26, 2005 promissory note, late charges, interest and attorney fees accruing thereon.

33.    Defendant Timothy L. Eakes has defaulted under the terms of said guaranty by failing to pay all sums due Plaintiff by Lake Martin with respect to the

said September 26, 2005 promissory note, late charges, interest and attorney fees accruing thereon.

**WHEREFORE,** Plaintiff demands judgment against Defendant Timothy L. Eakes for the principal sum of $18,653,508.21, an attorney's fee in the amount of $25,000.00, such additional attorney's fees as may be awarded by the Court, accrued late charges in the amount of $39,960.00 subsequent interest at 8.5% per annum and costs.

### COUNT SEVEN

34.    Plaintiff realleges all material allegations contained in Count One of its Complaint.

35.    As an inducement to Plaintiff to extend credit to Lake Martin, Defendant Gary L. Anderson executed and delivered to Plaintiff an unconditional guaranty of payment and performance due Plaintiff by Lake Martin, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "12".

36.    On October 4, 2007, Defendant Gary L. Anderson revoked his guaranty as to any future advance or obligation as evidenced by the letter from his attorney Dow T. Huskey to Plaintiff dated October 4, 2007, a true and correct copy

of which is attached hereto as Exhibit "6".  Accordingly, said Defendant Gary L. Anderson is not liable for sums due Plaintiff under the DIP Loan; however, said revocation does not affect Defendant Gary L. Anderson's obligation to pay the outstanding principal amount of the said September 26, 2005 promissory note, late charges, interest and attorney fees accruing thereon.

37.    Defendant Gary L. Anderson has defaulted under the terms of said guaranty by failing to pay all sums due Plaintiff by Lake Martin with respect to the said September 26, 2005 promissory note, late charges, interest and attorney fees accruing thereon.

**WHEREFORE,** Plaintiff demands judgment against Defendant Gary L. Anderson for the principal sum of $18,653,508.21, an attorney's fee in the amount of $25,000.00, such additional attorney's fees as may be awarded by the Court, accrued late charges in the amount of $39,960.00 subsequent interest at 8.5% per annum and costs.

## COUNT EIGHT

38.    Plaintiff realleges all material allegations contained in Count One of its Complaint.

39.    As an inducement to Plaintiff to extend credit to Lake Martin, Defendant Keith A. LaFerriere executed and delivered to Plaintiff an unconditional guaranty

of payment and performance due Plaintiff by Lake Martin, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "13".

40.    On    October 4, 2007, Defendant    Keith A. LaFerriere revoked his guaranty as to any future advance  or obligation as evidenced by the letter from his attorney Dow T. Huskey to Plaintiff dated October 4, 2007, a true and correct copy of which is attached hereto as Exhibit "6".   Accordingly,  said  Defendant Keith A. LaFerriere is   not   liable  for  sums  due  Plaintiff  under the DIP Loan;  however, said   revocation  does  not  affect  Defendant  Keith A. LaFerriere's obligation to pay the outstanding principal amount of the said September 26, 2005  promissory note,  late  charges, interest and attorney fees accruing thereon.

41.    Defendant   Keith A. LaFerriere  has defaulted under the terms of said guaranty by failing to pay all sums due Plaintiff by Lake Martin with respect to the said September 26, 2005  promissory  note, late charges, interest and attorney fees accruing thereon.

**WHEREFORE,** Plaintiff  demands  judgment  against Defendant Keith A. LaFerriere for the principal sum of $18,653,508.21, an attorney's fee in the amount of $25,000.00,  such  additional  attorney's  fees  as may be awarded by the Court,

accrued late charges in the amount of $39,960.00 subsequent interest at 8.5% per annum and costs.

Robert P. Reynolds
Code No. REY-007
Attorney for Plaintiff
REYNOLDS, REYNOLDS & DUNCAN, LLC
Post Office Box 2863
Tuscaloosa, Alabama 35403
Telephone: (205) 391-0073
E-mail: rreynolds@rrdlaw.com
RRD File No. 358.11