**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| EMPIRE FINANCIAL SERVICES, INC., | * | |
| | * | |
|     **Plaintiff,** | * | |
| | * | |
| v. | * | **CASE NO.  1:08-CV-226-WHA** |
| | * | |
| KENNETH L. TODD, III, ET AL., | * | |
| | * | |
|     **Defendants/Counter Plaintiffs/** | * | |
|     **Third Party Plaintiffs,** | * | |
| | * | |
| v. | * | |
| | * | |
| JOHN MOORE, ET AL., | * | |
| | * | |
|     **Third Party Defendants.** | * | |

### ANSWER OF THIRD-PARTY DEFENDANTS

Come now the Third-Party Defendants, John Moore, Bruce Snead, The Profile Group, Inc., and Stoneview Summit Development, Inc., and in answer to the Third-Party Complaint state as follows:

1-4.    Defendants are without sufficient information or knowledge to form a belief as to the allegations contained in ¶¶ 1-4 of the Third-Party Complaint.

5-8.    Defendants admit the allegations of ¶¶ 5-8 of the Third-Party Complaint.

9-11.    Defendants admit the allegations of ¶¶ 9-11 of the Third-Party Complaint.

12.    Defendants admit the allegations of ¶ 12 of the Third-Party Complaint with the exception that all actions take and all documents signed by John Moore and Bruce Snead were done in their representative capacities as agents and/or officers of the Profile Group, Inc. or Stoneview Summit Development, Inc. and not in their individual capacities.

13.    Defendants admit the allegations of ¶ 13 of the Third-Party Complaint.

14-26. Defendants deny the allegations of ¶¶14-26 of the Third-Party Complaint and demand strict thereof.

## FIRST DEFENSE

The Third-Party Complaint fails to state a claim against your Third-Party Defendants upon which relief may be granted.

## SECOND DEFENSE

The Third-Party Plaintiffs' claims arise out of a contract for the sale of real estate and thus all of the Third-Party Plaintiffs' claims against your Third-Party Defendants are barred by the statute of fraud.

## THIRD DEFENSE

The Third-Party Plaintiffs' claims are barred by their failure to mitigate damages.

## FOURTH DEFENSE

The Third-Party Defendants deny each and every allegation of the Third-Party Complaint not expressly admitted.

## FIFTH DEFENSE

No act or omission of your Third-Party Defendants was the proximate cause of any injury to the Third-Party Plaintiffs.

## SIXTH DEFENSE

The Third-Party Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel and/or unclean hands.

SEVENTH DEFENSE

The Third-Party Plaintiffs' claims are barred in whole or in part because they are guilty of contributory negligence.

EIGHTH DEFENSE

The Third-Party Plaintiffs' conduct contributed to the harm allegedly suffered.

NINTH DEFENSE

The Third-Party Plaintiffs' claims are barred in whole or in part because they assumed the risk of injury or damage.

TENTH DEFENSE

The Third-Party Plaintiffs' claims are barred in whole or in part by ratification, consent, acquiescence, and/or release.

ELEVENTH DEFENSE

Any compensatory or punitive damages the Third-Party Plaintiffs seek to recover from the Third-Party Defendants is subject to the applicable damage cap.

TWELFTH DEFENSE

1.      Third-Party Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

        a.      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are

penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

       b.      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

       c.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

       d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, and thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

       e.      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

       f.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, and thus violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

       g.      The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines, and thus violate Eighth and Fourteenth Amendments of the

United States Constitution.

2.     Third-Party Plaintiffs' claim of punitive damages violates the due process clause of Article I, Sections 6 and 13 of the Constitution of Alabama on the following grounds;

a.     It is a violation of the Due Process Clause of to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

c.     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e.     The award of punitive damages in this case constitutes a deprivation of property without due process of law; and

f.     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, and thus violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

3.     Third-Party Plaintiffs' attempt to impose punitive damages or extra-contractual damages on these Defendants, on the basis of the vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

4.     The award of punitive damages to the Third-Party Plaintiffs in this action would

constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

5.    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

6.    The award of punitive damages against the Third-Party Defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

7.    The Third-Party Defendants state that the imposition of punitive damages under Alabama law is arbitrary and capricious, inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature, Plaintiff must show entitlement to the same by evidence beyond a reasonable doubt; further imposition of punitive damages under Alabama law is contrary to the Due Process and Equal Protection clauses of both the Constitution of the United States of America and of the State of Alabama and that imposition of punitive damages under Alabama law, even with Green Oil and Hammond's guidelines is arbitrary and capricious leading to "grossly excessive" punitive damage awards, inasmuch as the jury is provided neither guidelines in reaching some rational ratio between compensatory and punitive damages nor some rational relation between the defendant's alleged conduct and the legitimate interest of the State to punish unlawful conduct and deter its repetition. BMW of North American v. Gore, 1996 WL 262429.

8.    Notions of judicial fairness, Due Process, and constitutional jurisprudence dictate that a person receive fair notice of not only the conduct that will subject him to punishment but

6

also the severity of the penalty that a State may impose.  This State provides no such notice to

defendants, leading to "grossly excessive" punitive damage awards that violate the United States

Constitution and its amendments. BMW of North American v. Gore, 1196 WL 262429.

9.        Third-Party Plaintiffs' claim for punitive damages is limited to the amount

recoverable as set forth in §6-11-21, Ala. Code, 1975.  This defense is intended to challenge the

ruling stated in *Henderson v. Alabama Power Co.*, 627 So.2d 878 (Ala. 1993).


### THIRTEENTH DEFENSE

John Moore and Bruce Snead bear no individual liability in that all actions they took and all

documents they signed were in their representative capacities as agents and/or officers of Stoneview

Summit Development, Inc. and the Profile Group, Inc. and therefore there is no privity of contract

between John Moore and Bruce Snead and the Third-Party Plaintiffs.


### FOURTEENTH DEFENSE

All contracts were between the Third-Party Plaintiffs and Stoneview Summit Development,

Inc. The Profile Group, Inc. had no contract with the Third-Party Plaintiffs.  Therefore, no privity of

contract exists and The Profile Group, Inc. neither owed nor breached any duties to the Third-Party

Plaintiffs.


/s/ Cowin Knowles
COWIN KNOWLES          KNO007
B. SAXON MAIN            MAI005
Attorneys for Defendants
John Moore, Bruce Snead, The Profile Group, Inc.,
and Stoneview Summit Development, Inc.


7

OF COUNSEL:

BALL, BALL, MATTHEWS & NOVAK, P.A.
P. O. Box 2148
Montgomery, AL  36102-2148
Telephone: (334) 387-7680
Telefax: (334) 387-3222

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on June 16, 2008.

Robert P. Reynolds, Esq.
Rachel L. Webber, Esq.
Reynolds, Reynolds & Duncan, LLC
P. O. Box 2863
Tuscaloosa, AL  35403

Dow T. Huskey, Esq.
P. O. Drawer 550
Dothan, AL  36302

/s/ Cowin Knowles
OF COUNSEL