IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **EMPIRE FINANCIAL SERVICES, INC.** * | |
|     **Plaintiff** * | |
| v. * | Case No.: 1:08-cv-00226-WHA-WC |
| **KENNETH L. TODD, III,** *et. al.* * | |
|     **Defendants** * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### THIRD-PARTY PLAINTIFFS' OPPOSITION TO PLAINTIFF'S MOTION TO SEVER THIRD PARTY COMPLAINT

Third Party Plaintiffs, Kenneth L. Todd, III, Michael D. Brock, James R. Paxton, Daniel A. Bailey, C. Wayne Roberts, Timothy L. Eakes, Keith A. LaFerriere and Gary L. Anderson (collectively "Investors"), by their undersigned counsel, oppose the Motion to Sever Third Party Complaint filed by Plaintiff, Empire Financial Services, Inc. ("Empire") and state as follows:

1. This action arises from a failed joint venture among Empire, Lake Martin Partners, LLC ("LMP"), Investors and Third Party Defendants, John Moore, Bruce Snead, The Profile Group and Stoneview Summit Development, Inc.

2. Empire's Complaint against Investors alleges default under an Unconditional Guaranty of Payment and Performance executed by each Investor, relating to a Promissory Note and Construction Loan Agreement between LMP and Empire.

3. Investors filed a Counterclaim against Empire asserting various breaches of duties Empire owed Investors and Empire's failure to satisfy obligations it undertook to Investors as a joint venturer in connection with the development of a condominium project in Lake Martin, Alabama (the "Project").

4. Empire does not dispute that the Third Party Complaint arises from the very same circumstances as the Complaint and the Counterclaim.

5. Empire's Motion to sever is subject to Fed.R.Civ.P. 42(b) (2008) which provides as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third party claims.

6. Regardless of whether the Complaint, the Counterclaim or the Third Party Claim is considered, the same witnesses and documents will be relevant to all of the following issues:

a. that Empire, LMP, Investors and Third Party Defendants formed a joint venture to develop and build 85 condominium units and related facilities as part of the Project, and that Empire and the Third Party Defendants' actions confirm the existence of the joint venture;

b. that prior to LMP and Investors' involvement in the Project, Empire and Third Party Defendants were already working together on the Project and its funding, and had agreed upon virtually all aspects of the Project;

c. that prior to LMP and Investors' involvement in the Project, Empire had engaged an inspection company to perform all inspections on the Project, and that inspection company performed its services during the construction with the assistance of Third Party Defendants;

d. that pursuant to the joint venture, Empire and Third Party Defendants undertook numerous responsibilities relating to oversight, management and construction of the Project but failed to perform them;

e. that Empire and Third Party Defendants were aware that the

Project had significant problems including substantial cost overruns, lengthy construction delays and problems with performance and payment of subcontractors;

 f. that Empire and the Third Party Defendants concealed the problems from LMP and Investors, and failed to advise LMP and Investors of the problems in a timely manner;

 g. that Empire and the Third Party Defendants manipulated and reallocated budgeted funds, including increasing fees to Empire from $22,000 to $220,000 without informing LMP or Investors or obtaining their approval. These reallocations caused a significant shortfall in construction funds;

 h. that Empire and Third Party Defendants were working together on the Project before LMP and Investors became involved and were aware that the budget presented to LMP and Investors was not sufficient to cover the cost of the Project;

 i. that Empire and Third Party Defendants processed the payment requests and approvals for disbursing loan proceeds without input from Investors;

 j. that Empire and Third Party Defendants made misrepresentations to Investors to induce them to become involved in the Project; and

 k. that Empire and the Third Party Defendants caused the Project to fail by their actions and omissions.

 7. The Counterclaim includes a count for Conspiracy and alleges that Empire and the Third Party Defendants acted in concert and conspired to defraud Investors. The allegations in the Counterclaim involve acts and omissions of the Third Party Defendants.

 8. Because the facts, witnesses and documents related to the allegations in the Complaint and Counterclaim are the same as those related to the Third Party Complaint, none of the factors set forth in Rule 42(b) is present.

9. For these reasons, it will be most efficient, cost effective and convenient to consider and try the Third Party Complaint at the same time as the Complaint and Counterclaim.

10. While Empire baldly contends that it will suffer prejudice unless the Third Party Complaint is severed and tried separately from the Complaint and Counterclaim, Empire asserts no facts to support that contention.

WHEREFORE, Third Party Plaintiffs respectfully request that the Motion to Sever Third Party Complaint filed by Plaintiff, Empire Financial Services, Inc., be DENIED.

Respectfully submitted,

/s/ Dow T. Huskey
Dow T. Huskey       (HUS002)
P.O. Drawer 550
Dothan, Alabama  36302
T: 334-794-3366
F: 334-794-7292

                            /s/ Benjamin Rosenberg
Benjamin Rosenberg  (00263)

                            /s/ T. Christine Pham
T. Christine Pham     (25466)

                            /s/ John A. Roberts
John A. Roberts         (04969)
Rosenberg Martin Greenberg, LLP
25 South Charles Street, Suite 2115
Baltimore, Maryland  21201
T:  410-727-6600
F:  410-727-1115

Attorneys for Defendants
  Kenneth L. Todd, III
  Michael D. Brock
  James R. Paxton
  Daniel A. Bailey
  C. Wayne Roberts
  Timothy L. Eakes
  Keith A. LaFerriere
  Gary L. Anderson

## CERTIFICATE OF SERVICE

    I hereby certify that on this 10th day of July, 2008, a copy of the foregoing Third-Party Plaintiffs' Opposition to Plaintiff's Motion to Sever Third Party Complaint was served via electronic filing upon:  Robert Payne Reynolds, Esquire, Michael Stewart Jackson, Esquire, Thomas Cowan Knowles, Esquire, Benjamin Saxon Main, Esquire, Ryan Wesley Shaw, Esquire and Rachel L. Webber, Esquire.

                            /s/ Benjamin Rosenberg
Benjamin Rosenberg

282385.03