### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **EMPIRE FINANCIAL SERVICES, INC.,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | *   CASE NO.  1:08-CV-226-WHA |
| | * |
| **KENNETH L. TODD, III, ET AL.,** | * |
| | * |
| **Defendants/Counter Plaintiffs/** | * |
| **Third Party Plaintiffs,** | * |
| | * |
| v. | * |
| | * |
| **JOHN MOORE, ET AL.,** | * |
| | * |
| **Third Party Defendants.** | * |

### RESPONSE TO MOTION TO SEVER THIRD-PARTY COMPLAINT

Come now the Third-Party Defendants, John Moore, Bruce Snead, The Profile Group, Inc., and Stoneview Summit Development, Inc., and responds to Plaintiff's Rule 42(b) of the *Federal Rules of Civil Procedure* Motion to Sever Third-Party Complaint (Doc. #28) as follows:

1. It would be more convenient and in the best interest of judicial economy for the parties and witnesses for the Third-Party Complaint to be tried with the original Complaint. The facts surrounding this controversy relate to the same sequence of events and the trial of these matters will involve the same witnesses and documentary evidence.

2. Plaintiffs argue that their simple contract claims should not be tried with the third party tort claims which are separate and independent of their contract claims. (Doc. #28, ¶4). This litigation is in its very early stages and includes a counterclaim (Doc. #15)which brings numerous tort claims against Empire. Plaintiffs' admit in their on Motion (Doc. #28, ¶7) that this Court's

ruling on their Motion to Dismiss the Counterclaim (Doc. #22) has a direct relation to this motion and therefore may be premature. See *Cavender v. East Alabama Medical Center*, 1996 WL 1057533 (M.D. Ala.).

3. The Third-Party Complaint and original Complaint involve common questions of law and fact. Those common questions involve how this project was developed and financed, how the construction progressed and what problems were encountered therein, and what attempts were made to keep the project ongoing. There will be no additional confusion to the fact finder if the Third-Party Complaint is tried with the Complaint.

4 Plaintiff Empire alleges that it would be prejudiced if there is no severance, but has not offered any evidence to support its allegation. Based on the common question of law and fact, the trial of the Third-Party Complaint with the original Complaint will not result in a delay or prejudice with respect to the disposition of Empire's original Complaint.

WHEREFORE, Third-Party Defendants, John Moore, Bruce Snead, The Profile Group, Inc., and Stoneview Summit Development, Inc., respectfully request that the Motion to Sever Third Party Complaint filed by Plaintiff, Empire Financial Services, be denied.

Respectfully submitted this 11th day of July 2008.

/s/ Cowin Knowles
COWIN KNOWLES      KNO007
B. SAXON MAIN      MAI005
Attorneys for Defendants
John Moore, Bruce Snead, The Profile Group, Inc.,
and Stoneview Summit Development, Inc.

OF COUNSEL:

BALL, BALL, MATTHEWS & NOVAK, P.A.
P. O. Box 2148
Montgomery, AL 36102-2148
Telephone: (334) 387-7680
Telefax: (334) 387-3222

## CERTIFICATE OF SERVICE

I hereby certify that electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on July 11, 2008.

Robert P. Reynolds, Esq.
Rachel L. Webber, Esq.
Reynolds, Reynolds & Duncan, LLC
P. O. Box 2863
Tuscaloosa, AL  35403

Michael S. Jackson, Esq.
Ryan W. Shaw, Esq.
Beers Anderson Jackson Patty & Fawal, PC
P. O. Box 1988
Montgomery, AL 36102-1988

Benjamin Rosenberg, Esq.
John Allen Roberts, Esq.
T. Christine Pham, Esq.
Rosenberg, Martin, Greenberg, LLP
25 South Charles Street
Suite 2115
Baltimore, MD  21201

Dow T. Huskey, Jr.
Attorney at Law
P.O. Drawer 550
Dothan, AL 36302-0550


/s/ Cowin Knowles
OF COUNSEL