IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

EMPIRE FINANCIAL SERVICES, INC.       *

    Plaintiff                              *

v.                                     *    Case No.: 1:08-cv-00226-WHA-WC

KENNETH L. TODD, III, et. al.          *

    Defendants                             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION FOR LEAVE TO FILE
SUR-REPLY TO PLAINTIFF'S REPLY TO MEMORANUM IN OPPOSITION TO
MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**

Defendants and Counter-Plaintiffs, Kenneth L. Todd, III, Michael D. Brock, James R. Paxton, Daniel A. Bailey, C. Wayne Roberts, Timothy L. Eakes, Keith A. LaFerriere and Gary L. Anderson (collectively "Investors"), by their undersigned counsel, move for leave to file a brief Sur-Reply to Plaintiff's Reply to Memorandum in Opposition to Motion to Dismiss Defendants' Counterclaim ("Reply"). A copy of the proposed Sur-Reply is attached hereto as Exhibit A. The grounds of this Motion are:

    1. Investors respectfully request an opportunity to briefly address arguments that Plaintiff and Counter-Defendant, Empire Financial Services, Inc. ("Empire") did not raise in its Motion to Dismiss Counterclaim, even though it could have done so.

    2. Before filing this Motion, Investors asked Empire if it would consent to Investors' request to file a sur-reply. Empire refused to do so.

    3. In their Counterclaim, Investors asserted that Empire formed a joint venture with Investors and others in connection with the development of a condominium project at Lake Martin, Alabama (the "Project"). (Counterclaim, ¶17). Empire did not address the joint

venture issue in its Motion to Dismiss but instead asserted for the first time in its Reply that the doctrine of judicial estoppel bars Investors from asserting any claims against Empire based on or arising out of the joint venture.

4. Investors should be permitted to respond to Empire's new arguments to explain why the doctrine of judicial estoppel does not apply in this case.

5. In addition, Empire's Reply is riddled with inaccuracies, misleading assertions regarding the transactions at issue and references to irrelevant documents. For example, in the Reply, Empire references a loan commitment letter in support of its argument that Investors lack credibility regarding fees charged by Empire, but fails to note that the loan agreement, which expressly supersedes the commitment letter, supports Investors' contention – that Empire unilaterally increased the fees it charged to the Project by a factor of ten.

6. Although Empire's contention that some of the Investors' factual allegations lack credibility is not a proper basis for a motion to dismiss, Empire's inaccurate and unfair attacks on the Investors' credibility should not be permitted to prejudice Investors.

7. For these reasons, which are more fully developed in the attached proposed Sur-Reply, Investors should be allowed to file it. Empire will suffer no prejudice if the Court considers Investors' Sur-Reply.

WHEREFORE, Investors respectfully request that their Motion for Leave to File Sur-Reply to Plaintiff's Reply to Memorandum in Opposition to Motion to Dismiss Defendant's Counterclaim be GRANTED.

Respectfully submitted,

_____/s/ Dow T. Huskey_____
Dow T. Huskey     (HUS002)
P.O. Drawer 550
Dothan, Alabama 36302
T: 334-794-3366
F: 334-794-7292

_____/s/ Benjamin Rosenberg_____
Benjamin Rosenberg (00263)

_____/s/ T. Christine Pham_____
T. Christine Pham     (25466)

_____/s/ John A. Roberts_____
John A. Roberts     (04969)
Rosenberg Martin Greenberg, LLP
25 South Charles Street, Suite 2115
Baltimore, Maryland 21201
T: 410-727-6600
F: 410-727-1115

_____/s/ H. Scott Gregory, Jr._____
H. Scott Gregory, Jr. (Georgia Bar No. 310121)
Brock Clay Calhoun & Rogers, PC
49 Atlanta Street
Marietta, Georgia 30060
T: 770-422-1776
F: 770-426-6155

Attorneys for Defendants
 Kenneth L. Todd, III
 Michael D. Brock
 James R. Paxton
 Daniel A. Bailey
 C. Wayne Roberts
 Timothy L. Eakes
 Keith A. LaFerriere
 Gary L. Anderson

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2008, a copy of the foregoing Motion for Leave to File Sur-Reply to Plaintiff's Reply to Memorandum in Opposition to Motion to Dismiss Defendants' Counterclaim was served via electronic filing upon: Robert Payne Reynolds, Esquire, Rachel L. Webber, Esquire, Michael Stewart Jackson, Esquire, Ryan Wesley Shaw, Thomas Cowin Knowles, Esquire and Benjamin Saxon Main, Esquire.

                                                          /s/ Benjamin Rosenberg
                                                          Benjamin Rosenberg

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **EMPIRE FINANCIAL SERVICES, INC.** | * | |
| Plaintiff | * | |
| v. | * | Case No.: 1:08-cv-00226-WHA-WC |
| **KENNETH L. TODD, III,** *et. al.* | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

Defendants and Counter-Plaintiffs, Kenneth L. Todd, III, Michael D. Brock, James R. Paxton, Daniel A. Bailey, C. Wayne Roberts, Timothy L. Eakes, and Keith A. LaFerriere and Gary L. Anderson (collectively "Investors"), by their undersigned counsel, submit this Sur-Reply in Opposition to the Motion to Dismiss Counterclaim filed by Plaintiff and Counter-Defendant, Empire Financial Services, Inc. ("Empire").

### INTRODUCTION

Investors alleged in their Counterclaim that Investors, Empire, Lake Martin Partners, LLC ("LMP") and Third Party Defendants, The Profile Group ("Profile"), John Moore ("Moore"), Bruce Snead ("Snead") and Stoneview Summit Development, Inc. ("Stoneview"), formed a joint venture to develop a condominium project in Lake Martin, Alabama (the "Project") in which Empire assumed responsibilities for the day-to-day management and supervision of the construction of the Project that ordinarily would have been the responsibilities of the owner. The Counterclaim alleges numerous breaches of various duties and obligations that Empire owed to Investors.

Empire filed a Motion to Dismiss Investors' Counterclaim and Investors filed a timely Response opposing the Motion. Empire filed a Reply, raising several new issues it did not raise in its original Motion. Moreover, Empire's Reply demonstrates a fundamental misapprehension regarding the issue currently before the Court and the appropriate legal standards to be used in deciding a motion to dismiss. That is, the issue *presently* before the Court is not whether Empire is entitled to recover on the guarantees against Investors, as Empire contends, but whether Investors' Counterclaim meets the pleading requirements of the Federal Rules of Civil Procedure.

Empire argues, in effect, that Investors will not be able to prove the facts necessary to support Investors' Counterclaim. However, this contention ignores the two legal principles which govern Empire's Motion to Dismiss. First, Fed. R. Civ. P. 8(a)(1) simply requires a party to provide "a short and plain statement of the claim showing the pleader is entitled to relief," and second, in evaluating a motion to dismiss, the Court must construe the non-moving party's well-pled allegations as true. *See Jeter v. Montgomery County*, 480 F.Supp.2d 1293, 1297 (M.D. Ala. 2007). Motions to dismiss are not meant to test a party's evidence, its supporting facts, or its credibility. The many apparent factual disputes between the parties in this case cannot be resolved on a motion to dismiss. Using these two principles, it is clear that Investors' Counterclaim contains well-pled allegations which demonstrate they are entitled to relief against Empire.

## ARGUMENT AND CITATION OF AUTHORITY

**1.  The doctrine of judicial estoppel is not applicable to this factual situation and does not bar Investors' Counterclaim.**

In its Reply, Empire argues Investors should be judicially estopped from asserting their Counterclaim because the Counterclaim is inconsistent with Investors' position in LMP's

Chapter 11 bankruptcy proceeding. This reasoning overlooks the simple fact that Investors were not parties to, and thus did not take a position in, LMP's bankruptcy proceeding.

In *New Hampshire v. Maine*, 532 U.S. 742 (2001), the Supreme Court set forth a three part test to determine whether judicial estoppel applies:

> "First, a party's later position must be 'clearly inconsistent' with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or second court was misled.' Absent success in a prior proceeding, a party's later inconsistent position introduces no 'risk of inconsistent court determinations,' and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."
> *Id.*, 532 U.S. at 750-751 (internal cites omitted).

Investors' Counterclaim in this action does not meet any of the Supreme Court's criteria for the application of judicial estoppel for the obvious and most basic reason. That is, the party asserting the allegedly inconsistent position must, in fact, *be the same party* as the one in the previous proceeding.

Empire contends that Investors' positions in this action are inconsistent with LMP's positions in its Chapter 11 bankruptcy proceeding. However, Investors are all individual persons, while the debtor in the bankruptcy proceeding was an Alabama limited liability company. "The concept that a corporation is a legal entity existing separate and apart from those who compose it is a well-settled rule in the State of Alabama." *Co-Ex Plastics, Inc. v. AlaPak, Inc.*, 536 So.2d 37, 38 (Ala. 1998), *citing Cohen v. Williams*, 318 So.2d 279, 280 (Ala. 1975); *see also Carroll v. W.L. Petry Wholesale Co.*, 941 So.2d 234 (Ala. 2006). Investors are manifestly not the same party as LMP, the entity which declared bankruptcy. Empire's judicial estoppel argument must fail because the parties are not the same.

3

284090.01

Furthermore, each of the cases cited by Empire is clearly inapplicable to the present situation – in each case, the party asserting the claim in the second proceeding was *identical* to the party in the first proceeding. For example, in *New Hampshire v. Maine, supra*, the party in both actions was the State of New Hampshire. In *Ex Parte First Ala. Bank*, 883 So.2d 1236, 1241 (Ala. 2003), the case primarily relied upon by Empire, the party in both cases was Donald Vincent. In *Chandler v. Samford Univ.*, 35 F.Supp.2d 861 (N.D. Ala. 1999), the party in both cases was Joycealyn Chandler. In *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002), the party in both actions was Levi Billups. Each of the ten cases cited by Empire in its Reply dealt with claims brought by *identical parties*. In this case, the parties asserting the allegedly inconsistent position are not the same – Investors were not a party to LMP's bankruptcy, and LMP is not a party to this action. Accordingly, the doctrine of judicial estoppel is not applicable to Investors' Counterclaim in this case.

Empire's attempt to manufacture the same identity for Investors and LMP by repeating time after time that Investors seek to "claim the assets of [LMP] and stand in [LMP's] shoes" also fails. Investors do not seek to claim LMP's assets or stand in its shoes or assert claims on its behalf; rather, Investors seek in their Counterclaim to hold Empire, a lender who engaged in a consistent pattern of wrongful conduct toward Investors, responsible for its wrongful acts which significantly damaged Investors.

Empire's argument that allowing the Investors to assert their Counterclaim would create the perception that LMP misled the bankruptcy court is similarly unavailing. That is, the claims asserted by Investors are being asserted individually and in their own right for damage done personally to them. Investors are not "successors or assigns" of LMP and were not parties to the Post-Petition Financing Order. LMP was the only party to that order. Because Investors'

4

Counterclaim stands entirely separate and apart from any claims LMP may have had against Empire in its bankruptcy, the Counterclaim cannot possibly create any perception that LMP misled the bankruptcy court.

Finally, Empire's argument that Investors would somehow obtain "an unfair benefit" if they are not judicially estopped from asserting their Counterclaim is equally without merit; rather, it is Empire who would unfairly benefit and escape responsibility for its wrongful conduct if Investors' Counterclaim is barred. Investors seek to hold Empire responsible for its consistent pattern of wrongful acts which have and will continue to cause damage to Investors. Investors do not seek to "back-up", "re-open" or "amend [their] bankruptcy filings", as alleged by Empire, for the simple reason that Investors do not have bankruptcy filings to amend. Again, it was LMP, a corporate entity separate and apart from the individual Investors which filed the bankruptcy petition. The doctrine of judicial estoppel does not bar Investors from asserting their Counterclaim and recovering damages from Empire based on Empire's wrongful acts.

2. **The doctrine of *res judicata* does not bar Investors' Counterclaim.**

Empire also argues the doctrine of *res judicata* bars Investors' Counterclaim. For reasons similar to those explained above, *res judicata* does not bar Investors' Counterclaim either.

"The purpose behind the doctrine of *res judicata* is that the 'full and fair opportunity to litigate protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions. *Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 2000) (internal cites omitted). "Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on

5

the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.*

Investors have not had a previous opportunity to litigate their Counterclaim against Empire. Investors were not parties to LMP's bankruptcy and did not have standing to assert claims against Empire in that proceeding. Investors' various claims against Empire are wholly separate and apart from any claims LMP could have brought against Empire. There has been no judicial determination as to whether Empire formed a joint venture with Investors (and others) or whether Empire breached its duties to Investors. Finally, the same cause of action is not involved in both cases, as LMP's bankruptcy concerned reorganizing the debts of a corporate entity, while this action concerns a lender's attempt to collect sums claimed under personal guarantees and the Investors' assertion of claims against the lender for its wrongful conduct. As such, the doctrine of *res judicata* does not bar Investors' Counterclaim.

### 3. The allegations in Investors' Counterclaim plausibly suggest they are entitled to relief against Empire.

Empire summarily argues that Investors' Counterclaim should be dismissed because it does not plausibly suggest Investors are entitled to relief against Empire. However, Empire fails to support its bald conclusion with any particularity. Rather, Empire briefly discusses one case, *Med South Health Plans, LLC v. Life of the South Ins. Co.*, 2008 WL 2119915 (M.D. Ga. 2008) in its Reply without providing any analysis as to how Investors' Counterclaim is similar to the claims brought in that lawsuit. Investors' Counterclaim sets forth specific facts which, if construed as true, as they must be on a motion to dismiss, *see Jeter, supra,* 480 F.Supp.2d at 1297, states claims for relief by Investors against Empire. Accordingly, Empire's bare

6

contention that Investors' Counterclaim does not plausibly suggest Investors are entitled to relief is woefully insufficient to carry its burden on a Motion to Dismiss.

> 4. **Investors have not waived their Counterclaim against Empire; none of the documents cited by Empire contemplate the waiver of claims by Investors; and Investors have stated a claim for negligence against Empire.**

Empire next argues Investors have waived their Counterclaim as a result of various waivers of specific *defenses* contained in the Construction Loan Agreement and Personal Guarantees. However, the waivers cited by Empire only address Investors' waiver of certain very specific *defenses to a claim by Empire* to collect the amount allegedly due under the Note. Those waivers do not purport to be a waiver of any affirmative claims for relief Investors might have against Empire for its wrongful conduct towards Investors. Indeed, none of the specific defenses waived in the loan documents are involved in this case.

Empire heavily relies upon *Fielbon Development Company, LLC v. Colony Bank of Houston County*, 2008 WL 787720(Ga.App.2008), to support its contention that the Counterclaim is barred by the waiver language of the guaranties. *Fielbon*, however is inapposite. There, the guaranty at issue specifically provided that the waiver applied to "all defenses and claims that the borrower could assert." *Id.* at *6. In contrast, the guaranties executed by Investors do not waive the assertion of claims against Empire, and the waivers were only as to specifically enumerated defenses. Moreover, unlike *Fielbon*, in which there was no allegation regarding the existence of a joint venture, here, Investors claim that, in addition to breaching various provisions of the loan documents, Empire failed to fulfill its obligations under the parties' joint venture agreement.

Empire's argument is nothing more than a smoke screen intended to obscure the issue of whether Investors' Counterclaim complies with Fed. R. Civ. P. 8(a)(1). The waivers cited by

7

Empire do not preclude Investors from seeking affirmative relief from Empire arising out of Empire's wrongful acts against Investors.

Furthermore, Empire's reliance on the written agreements between the parties as the sole source of its duties is likewise misplaced. Investors have alleged that, after the execution of the written agreements, the parties formed a joint venture which reallocated the duties which had originally been allocated to the parties pursuant to the written agreements. As a result, Empire owed certain additional duties to Investors and Investors are entitled to hold Empire responsible for the damages suffered by Investors as a result of Empire's negligent performance of those duties. Accordingly, Investors have stated a negligence claim against Empire based upon Empire's breach of its duties to Investors.

> **5.   The credibility of factual allegations and the myriad of factual disputes between the parties cannot be adjudicated on a motion to dismiss.**

Empire's argument that "parol evidence is not admissible to vary or contradict the unconditional promises to pay provided in the Promissory Note and guaranty agreements under which [Investors] are liable to Empire" suffers from the same defect as its waiver argument. Again, the issue raised by Empire's Motion to Dismiss is not whether Empire is entitled to collect the amounts owed from Investors under their guarantees; rather, the issue is whether Investors are entitled to pursue a recovery from Empire based upon Empire's wrongful acts towards Investors. Empire's conflation of these two separate issues demonstrates the fundamental flaw in its Motion to Dismiss.

To reiterate, Investors seek to recover damages caused by Empire's wrongful conduct. Investors have alleged that Empire, LMP, Investors and the Third-Party Defendants formed a

8

joint venture to develop the Project. As Investors pointed out in their Response,[1] the Construction Loan Agreement does not contain a merger or integration clause which would bar Investors from introducing evidence that the parties subsequently formed a joint venture to develop the Project. *See, e.g. S. Atl. Produce Credit Ass'n v. Gibbs*, 257 Ga. 521, 523, 361 S.E.2d 167, 169 (1987) (if a written agreement does not contain a merger or integration clause, a subsequent oral agreement does not stand as a barrier to enforcement to the oral agreement). Thus, Investors are not barred from developing and introducing facts to support their Counterclaim that the parties subsequently entered into a joint venture and that Empire breached various duties it assumed and undertook to Investors. Accordingly, Investors are entitled to introduce evidence that establishes the existence of the joint venture and that Empire breached its duties to Investors.

> 6. **Investors have alleged facts which, if true, demonstrate the parties formed a joint venture and that Empire breached its duties to Investors by, among other things, engaging in self-dealing.**

While, Empire argues that the sole sources of its duties were the written loan documents, Investors have alleged that after the loan documents were executed, the parties orally and through their actions formed a joint venture and reallocated their various duties and responsibilities among the joint venturers. This allegation must be accepted as true by the Court for purposes of Empire's Motion to Dismiss. The Court cannot resolve factual disputes on a Motion to Dismiss, but must construe the non-movant's allegations as true. *Jeter, supra*, 480 F.Supp.2d at 1297.

---

[1] Investors acknowledge their inadvertent misstatement that the guarantees did not contain a merger or integration clause, and apologize to the Court for this misstatement. However, it is important to note that the specific document Investors were responding to was the Construction Loan Agreement, which had been extensively cited and excerpted by Empire. The Construction Loan Agreement does not contain a merger or integration clause.

9

Furthermore, notwithstanding Empire's contention to the contrary, Investors have alleged facts (despite the fact no *evidence* is needed at this stage of the litigation) that Empire engaged in self-dealing by unilaterally reallocating the construction budget attached to the Construction Loan Agreement to increase its own fees tenfold from $22,000 to $220,000. The line "Bank Fees" on page 22 of the Construction Loan Agreement, attached as Exhibit B to Empire's Motion to Dismiss[2], clearly indicates the "Bank Fees" for Phase 1 were to be $22,000. The Construction Loan Agreement between LMP and Empire (and acknowledged by Investors) was executed on September 26, 2005, *nearly a month after* the September 1 Commitment Letter relied upon by Empire for its contention that it was entitled to $220,000 in fees. As such, a factual dispute clearly exists between the parties as to the amount of fees to which Empire was entitled and whether Empire breached its fiduciary duties to Investors by engaging in self-dealing with respect to those fees.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Investors' Memorandum in Opposition to Empire's Motion to Dismiss Counterclaim, Investors respectfully request that Empire's Motion to Dismiss Investors' Counterclaim be denied.

Respectfully submitted,

/s/ *Dow T. Huskey*
Dow T. Huskey     (HUS002)
P.O. Drawer 550
Dothan, Alabama  36302
T: 334-794-3366
F: 334-794-7292

---

[2] The Exhibit is Docket No. 22-3, and is on Page 22.

/s/ Benjamin Rosenberg
Benjamin Rosenberg  (00263)
Rosenberg Martin Greenberg, LLP
25 South Charles Street, Suite 2115
Baltimore, Maryland  21201
T:  410-727-6600
F:  410-727-1115

/s/ T. Christine Pham
T. Christine Pham      (25466)
Rosenberg Martin Greenberg, LLP
25 South Charles Street, Suite 2115
Baltimore, Maryland  21201
T:  410-727-6600
F:  410-727-1115

/s/ John A. Roberts
John A. Roberts      (04969)
Rosenberg Martin Greenberg, LLP
25 South Charles Street, Suite 2115
Baltimore, Maryland  21201
T:  410-727-6600
F:  410-727-1115

/s/ H. Scott Gregory, Jr.
H. Scott Gregory, Jr.  (Georgia Bar No. 310121)
Brock, Clay, Calhoun & Rogers, P.C.
49 Atlanta Street
Marietta, Georgia 30060
T:  770-422-1776
F:  770-426-6155

Attorneys for Defendants
  Kenneth L. Todd, III
  Michael D. Brock
  James R. Paxton
  Daniel A. Bailey
  C. Wayne Roberts
  Timothy L. Eakes
  Keith A. LaFerriere

11

284090.01

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

EMPIRE FINANCIAL SERVICES, INC.  *

    Plaintiff  *

v.  *  Case No.: 1:08-cv-00226-WHA-WC

KENNETH L. TODD, III, *et. al.*  *

    Defendants  *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## ORDER

The Court having considered Defendants' and Counter-Plaintiffs' Motion for Leave to File Sur-Reply to Plaintiff's Reply to Memorandum in Opposition to Motion to Dismiss Defendants' Counterclaim, and any opposition thereto, it is this ____ day of _____, 2008, by the United States District Court for the Middle District of Alabama:

**ORDERED**:

1. That Defendants' and Counter-Plaintiffs' Motion for Leave to File Sur-Reply to Plaintiff's Reply to Memorandum in Opposition to Motion to Dismiss Defendants' Counterclaim is hereby **GRANTED**; and

2. That the Sur-Reply attached to said Motion as Exhibit A shall be deemed filed as of the date of this **ORDER**.

                                       _____
                                     Judge
                                     United States District Court for the Middle
                                       District of Alabama